IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,992-01






EX PARTE LUIS ALBERTO JARAMILLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 57,842-D IN THE 320TH DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

OPINION



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to seven years' imprisonment. The Seventh Court of Appeals
affirmed his conviction. Jaramillo v. State, No. 07-09-0105-CR (Tex. App.-Amarillo Jan. 20, 2010)
(unpublished). 

 Applicant was a passenger in a truck that was stopped by police attempting to serve a grand
jury subpoena. After the driver consented to a search, paraphernalia and controlled substances were
found in the truck and, later, on Applicant's person. Counsel waived any objections to the stop when
the controlled substances were admitted into evidence. This case was remanded for findings and
conclusions addressing Applicant's contentions that counsel was ineffective for not filing a written
pre-trial motion to suppress and then waiving his oral challenge to the legality of the traffic stop. On
remand, the trial court agreed with counsel's assertion that he did not believe the stop was illegal
because peace officers are authorized by the Code of Criminal Procedure to serve grand jury
subpoenas. 

 An automobile stop must be "reasonable" under the Fourth Amendment and the "decision
to stop an automobile is reasonable where the police have probable cause to believe that a traffic
violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). An investigatory stop
requires "a reasonable suspicion, based on objective facts, that the individual is involved in criminal
activity." Brown v. Texas, 443 U.S. 47, 51 (1979). The police testified unequivocally at trial that the
truck was stopped solely to serve a grand jury subpoena and was not based on reasonable suspicion
or probable cause. After a review of the record, we find that counsel erred and Applicant was harmed
by the errors. Strickland v. Washington, 466 U.S. 668 (1984); State v. Mazuca, 375 S.W.3d 294,
296-97 (Tex. Crim. App. 2012). Applicant is entitled to relief. 

 Relief is therefore granted. The conviction in Cause No. 57,842-D in the 320th District Court
of Potter County is set aside, and Applicant is remanded to the custody of the sheriff of Potter
County to face the charges in the indictment. The trial court shall issue any necessary bench warrant
within 10 days after the mandate of this Court issues. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 

Delivered: June 26, 2013

Do not publish